## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Alan Tikal, | Case No. 20-CV-0863 (NEB/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

Petitioner Alan Tikal is currently serving a 288-month sentence at the Federal Correctional Institution in Sandstone, Minnesota. The sentence was imposed after a bench trial in the United States District Court for the Eastern District of California, at which Tikal was found guilty of eleven counts of mail fraud affecting a financial institution and one count of money laundering. *See United States v. Tikal*, No. 2:12-CR-0362 (TLN-KJN-P), 2017 WL 1650619, at *1 (E.D. Cal. May 2, 2017). Repeatedly, Tikal has sought collateral relief from that sentence, including through motions described by the reviewing court as "nonsensical." *See Tikal*, 2018 WL 1763372, at *1 (E.D. Cal. Apr. 12, 2018). None of those efforts has been successful to this point.

Tikal now appears before this Court presenting a "notice/motion to: set, complete, amend and approve enclosed bond for substitute res and release and/or immediate discharge of inmate Tikal." (*See* Dkt. 1.) Because Tikal seeks release from his incarceration, this Court has interpreted the "notice/motion" as a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2241, although Tikal does not use that label in his

documents.[1]  The petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

The basis upon which Tikal believes himself entitled to relief is not obvious from the documents he has submitted.  Tikal does not expressly attack the validity of his conviction or sentence; nowhere does he allege that he was wrongfully convicted or that his constitutional rights were violated during the course of the trial.  Just as well; the exclusive remedy for such challenges is a motion for relief brought under 28 U.S.C. § 2255, *see* 28 U.S.C. § 2255(e), and such a motion must be brought in the district of sentencing, not the district of incarceration, *see* 28 U.S.C. § 2255(a).  (To the extent that Tikal is, in fact, attempting to challenge the validity of his conviction or sentence, this Court is without jurisdiction to consider the challenge.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam)).

By contrast, a federal prisoner may properly invoke habeas corpus where he intends to attack the validity of his detention without attacking the validity of an

---

[1] Tikal is not prejudiced by this Court's interpretation:  Under *any* interpretation of his pleading, Tikal cannot be granted the relief that he seeks in this District.  Tikal does not challenge the legality of the conditions of his confinement, and thus his pleading cannot be interpreted as a non-habeas civil complaint.  *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014).  This Court is not the sentencing court and therefore cannot grant relief under 28 U.S.C. § 2255 — and in any event, Tikal has already sought and been denied relief under § 2255 in the Eastern District of California, and the United States Court of Appeals for the Ninth Circuit has not authorized Tikal to proceed again under § 2255, *see* 28 U.S.C. § 2255(h).  Similarly, any motion for post-conviction relief brought under the Federal Rules of Criminal Procedure or 18 U.S.C. § 3582 must be brought in the sentencing district.

[2] Tikal's pleading is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied in this matter.  *See* Rule 1(b).

underlying conviction or sentence. *See* 28 U.S.C. § 2255(e). But Tikal does not offer an argument why his detention might be unlawful, either. Nevertheless, Tikal seeks release — not, seemingly, because he views his incarceration is unlawful, but because he thinks he has discovered a getting-out-of-prison loophole. The argument is not fully spelled out, but the gist of the documents submitted by Tikal is that he believes, or purports to believe, that a handwritten "bond" of his own derivation may be deposited with the courts, and that the bond may act as a "substitute *res*" taking his place in corporeal detention. (*See* Dkt 1 at 1.)

Tikal has not woven the concept of a "substitute *res*" out of whole cloth. "It is axiomatic that in rem jurisdiction exists in an action only where the subject matter of the action, *or an appropriate substitute thereof*, is within the jurisdiction of the court in which the action lies." *American Bank of Wage Claims v. Registry of Dist. Ct. of Guam*, 431 F.2d 1215, 1218 (9th Cir. 1970) (emphasis added) (overturned on other grounds). For example, an item (the "*res*") might be seized by the government and made subject to *in rem* civil-forfeiture proceedings, which are commenced directly against the seized item. Should the *res* be sold during the course of the forfeiture litigation, the proceeds of the sale can act as substitute *res* in place of the sold item, and the forfeiture proceedings may continue apace. *See United States v. An Article of Drug Consisting of 4,680 Pails, More or Less, Each Pail Containing 60 Packets*, 725 F.2d 976, 983 n.20 (5th Cir. 1984).

But criminal proceedings are *in personam*, not *in rem*, *see United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 363 (1984); a prosecution is brought against

the person alleged to have committed the crime, not against the proceeds of the crime.[3] The criminal proceedings in the Eastern District of California by which Tikal was convicted and sentenced were brought against Tikal himself, not the proceeds of Tikal's offense. Because there was no *res* in that proceeding, Tikal cannot offer a substitute *res* to act as subject of the sentencing judgment.

Tikal's attempt to offer a handwritten bond in satisfaction of the sentence imposed upon him is frivolous, and this matter should be dismissed on that basis. Tikal's remaining pending motions would become moot upon dismissal of this action and may be denied on that basis should the recommendation of dismissal be adopted.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED AS FRIVOLOUS**.

2. The pending motions of petitioner Alan Tikal (Dkts. 2 & 5) be **DENIED AS MOOT**.

Dated: April 17, 2020               *s/Elizabeth Cowan Wright*
                                    ELIZABETH COWAN WRIGHT
                                    United States Magistrate Judge

---

[3] This is true even to the extent that Tikal may have been required to forfeit the proceeds of his crimes. *See, e.g.*, *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006).

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).