UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALAN TIKAL, | Case No. 20-CV-863 (NEB/ECW) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner Alan Tikal filed a "notice/motion to: set, complete, amend and approve enclosed bond for substitute res and release and/or immediate discharge." (ECF No. 1.) Tikal also filed an application to proceed *in forma pauperis*. (ECF No. 2.) Noting that Tikal is serving a 288-month sentence imposed by the United States District Court for the Eastern District of California, in a Report and Recommendation dated April 17, 2020 Magistrate Judge Elizabeth Cowan Wright construed Tikal's "notice/petition" as a petition for writ of habeas corpus and recommended that this action be dismissed as frivolous. (ECF No. 8 ("R&R").) The R&R also recommended that Tikal's pending motions be denied as moot. (*See id.* at 4.) Tikal has since filed similar motions. (*See* ECF Nos. 10, 17.) Tikal has also filed an objection to the R&R. (ECF No. 13.)

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b). Tikal's objection does not address the R&R's factual findings or legal determinations. (*See generally* ECF No. 13.) Rather, Tikal makes the same claim for relief that the R&R deemed frivolous: "that a handwritten 'bond' of his own derivation may be deposited with the courts, and that the bond may act as a 'substitute *res*' taking his place in corporeal detention." (R&R at 3; *see also* ECF No. 13 at 1 (arguing "*corpus* of Alan Tikal is the *res* of USA v. Tikal," that "claimant has standing to claim and contract," and that "claimant caused bonds to be tendered sufficient for stated purposes").)

Even applying a de novo standard of review, this Court finds no fault with the R&R's conclusions: as the R&R correctly stated, the criminal proceedings against Tikal are *in personam* and not *in rem*. (*See* R&R at 3; *see also, e.g.*, *United States v. Caruthers*, 765 F.3d 843, 845 (8th Cir. 2014) (explaining that even criminal forfeiture proceedings are *in personam* because they are ancillary to the underlying criminal case).) In short, the government initiated a criminal proceeding against Tikal, not his property, and having been found guilty and sentenced he can offer no "substitute *res*" to take his place in custody. And because the Court agrees with the R&R that this action is frivolous, all of Tikal's pending motions as well as his pending application to proceed *in forma pauperis* are moot. (*See* ECF Nos. 2, 5, 10, 17.)

Based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

    1. The Report and Recommendation (ECF No. 8) is ACCEPTED;

2. Tikal's petition, construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1), is DENIED;

3. Tikal's application to proceed in forma pauperis (ECF No. 2) is DENIED;

4. Tikal's pending motions (ECF Nos. 5, 10, 17) are DENIED AS MOOT; and

5. The action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 24, 2020               BY THE COURT:

                                    s/Nancy E. Brasel
                                    Nancy E. Brasel
                                    United States District Judge